IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERENCE KEITH JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII; SHERIFF OF HONOLULU, HAWAII, SHERIFF LEO; OAHU WORKLINKS; and HAWAII STATE PUBLIC LIBRARY SYSTEM SECURITY GUARD,<br><br>Defendants. | ) | CIV. NO. 07-00609 JMS BMK<br><br>ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915 |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

## I. INTRODUCTION

On December 19, 2007, pro se Plaintiff Terence Keith Johnson ("Plaintiff") filed a Complaint against the State of Hawaii; "Sheriff of Honolulu, Hawaii, Sheriff Leo;" Oahu Worklinks; and "Hawaii State Public Library System Security Guard." On December 28, 2007, the court granted Plaintiff's application to proceed *in forma pauperis*.

///

///

## II. BACKGROUND

The Complaint alleges that on December 5, 2007, Plaintiff printed a receipt for the payment of a Department of Motor Vehicles fine at the Oahu Worklinks Office, located in a Hawaii state government building. Compl. at p. 2. According to Plaintiff, he left the building after a receptionist refused to provide him with a copy of the printed receipt. Although not clear, Plaintiff apparently claims that a security guard refused to retrieve the document on his behalf. Plaintiff telephoned 911, and "used profanity about the issue not directing the profanity to the security guard, who happened to be a sheriff after I discovered, later." *Id.* at p. 3.

Plaintiff claims that the sheriff told him to "shut up," and Plaintiff, after defending his First Amendment rights and walking away, "was knocked against the wall, face first; swung to the ground; the guard placed his knee into my throat; handcuffed me until my knuckles protruded due to the tightness of the cuffs." *Id.* He then claims that "[a] sheriff coerced me to escape, during the time Plaintiff was released on recognizance to obtain bail from bank." *Id.*

The Complaint also describes several other events. On an unspecified date, Plaintiff alleges that "a city bus driver closed a bus door on Plaintiff three times." *Id.* Next, Plaintiff alleges that a security guard at the Hawaii State Public

Library assaulted him "in an enforcement of a frivolous policy." *Id.* Plaintiff further alleges that he "is a victim of extreme fraud-waste-abuse from financial institutions and creditors" and that his complaints have gone unanswered. *Id.* at p. 4. Finally, Plaintiff alleges that at the Queen's Medical Center, the attending physician refused to x-ray Plaintiff's injured hand, an x-ray technologist "administered radiation in the direction of the genito-urinary area without using a lead shield," and on another occasion an x-ray technologist failed to use a lead shield on Plaintiff. *Id.*

In addition to these specific events, the Complaint generally states that:

> Plaintiff enters suit versus the state of Hawaiʻi for obstructions of justice in violations of the First Amendment; Tenth Amendment; Fourteenth Amendment; Civil Rights Act of 1964; Police Brutality; Failure to Respond in Fraud-Waste-Abuse in Writ of Mandamus in re Matter of Police Brutality Violation of Checks and Balance of Legislative-Judicial Matters. Plaintiff's claim upon which relief may be granted are Plaintiff's attempt to carry out a civic duty, having had been retaliated against as a conscientious employee of the New Jersey Conscientious Employee Act, which establishes that the Plaintiff continues to be victimized and targeting the Defendants' torts[.]

*Id.*

As a result, Plaintiff seeks "$6.5 million dollars (USD) from Oahu Worklinks; $6.5 million dollars (USD) from the Department of the Sheriff; $999 sextillion trillion dollars (USD) from the State of Hawaii." *Id.*

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss any case wherein the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, this court will liberally construe his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## IV. ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) ("Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law.").

Even construing Plaintiff's Complaint liberally, the court cannot understand either the nature of his claims or whether any particular named Defendant is responsible for a violation of § 1983. First, the court cannot determine who Plaintiff contends are the Defendants in this action. In his caption, Plaintiff lists the State of Hawaii; "Sheriff of Honolulu, Hawaii[,] Sheriff Leo;"[1]

[1] The Sheriff Division is part of the State of Hawaii Department of Public Safety, not the County of Honolulu. *See* Hawaii Revised Statutes § 26-14.6.

Oahu Worklinks; and "Hawaii State Public Library System[,] Security Guard." However, on page 4 of the Complaint, Plaintiff seeks monetary relief from Oahu Worklinks, the "Department of the Sheriff," and the State of Hawaii. Plaintiff must clarify who the Defendants are in this action.

Further, Plaintiff does not articulate what his claims are against each of these Defendants. The Complaint states that "Plaintiff enters suit versus the State of Hawai'i for obstructions of justice in violations of the First Amendment; Tenth Amendment; Fourteenth Amendment; Civil Rights Act of 1964; Police Brutality; Failure to Respond in Fraud-Waste-Abuse in Writ of Mandamus in re Matter of Police Brutality Violation of Checks and Balance of Legislative-Judicial Matters." Compl. at p. 4. Plaintiff does not explain how each Defendant has caused him injury and how the statutes and rules he cites entitle him to relief. In other words, he does not explain what it is that each Defendant has done to him.

The closest Plaintiff comes to stating a claim relates to the alleged acts of excessive force by a security guard or sheriff. *See id.* at p. 3 ("I defended my First Amendment and turned and walked away from the guard. I was knocked against the wall, face first; swung to the ground; the guard placed his knee into my throat; handcuffed me until my knuckles protruded due to the tightness fo the cuffs."). However, even this claim fails because the court is unable to discern who

the "guard" is (Sheriff Leo, another sheriff, or a security guard), and who this claim is lodged against (the State of Hawaii, the "Department of the Sheriff," Sheriff Leo, and/or a Hawaii State Public Library System Security Guard). In other words, the Complaint lacks a statement that a specifically named Defendant, while acting under color of state law, violated a specific constitutional provision.

While some of the deficiencies described above could potentially be cured through more specific pleading, the court finds that Plaintiff cannot state a cognizable claim against the State of Hawaii or any state agency. Such claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1997) (citation omitted); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Brooks*, 951 F.2d at 1053 (*quoting Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). The court therefore lacks jurisdiction over Plaintiff's claims for damages against the State and any state agencies. Accordingly, Plaintiff's claims against the State of Hawaii and any state agencies, to the extent he makes them, are DISMISSED without leave to amend.

It is also firmly established that neither a state nor its employees acting in their official capacity is considered a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003). Specifically, a suit for damages against state officials, in their official capacity, constitutes a suit against the state itself and therefore is barred by the Eleventh Amendment.[2] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). To the extent Plaintiff names "Sheriff" Leo" and a Hawaii State Public Library System Security Guard in their official capacities and seeks monetary damages, those claims are DISMISSED without leave to amend.

The court hereby DISMISSES Plaintiff's Complaint but grants him leave to file a new, amended complaint, no later than February 4, 2008. If Plaintiff chooses to file an amended complaint, he must clearly state how each of the named Defendants has injured him, as required by Rule 8(a) of the Federal Rules of Civil Procedure. In other words, Plaintiff should list each Defendant and should explain to the court what it is that each Defendant did to him. In doing so,

[2] Exceptions to this rule apply where a plaintiff alleges a claim against a state official in his or her individual capacity, or where the plaintiff seeks injunctive relief against a state official in his or her official capacity. *See Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003).

to the extent possible, Plaintiff should provide the first and last name of each individual Defendant.

## V. CONCLUSION

The court rules as follows:

1. Plaintiff's Complaint is DISMISSED with prejudice to the extent Plaintiff alleges § 1983 claims against the State of Hawaii or any Hawaii state agency;

2. Plaintiff's Complaint is DISMISSED with prejudice to the extent Plaintiff alleges § 1983 claims against "Sheriff Leo" or a Hawaii State Public Library System Security Guard in their official capacities and seeks monetary damages;

3. All other claims in Plaintiff's Complaint are DISMISSED without prejudice to the filing of an amended complaint consistent with this order; and

4. Any amended complaint must be filed no later than February 4, 2008. Failure to file an amended complaint by February 4, 2008 will result in AUTOMATIC DISMISSAL of this action without prejudice. If Plaintiff chooses to file an amended complaint, the amended complaint must "reproduce the entire

pleading as amended and may not incorporate any part of a prior pleading by reference . . . ." Local Rule 10.3. The amended complaint must contain the docket number assigned to this case (Civ. No. 07-00609 JMS/BMK) and be labeled "Amended Complaint."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 3, 2008.




/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Johnson v. State of Hawaii et al.*, Civ. No. 07-00609 JMS/BMK, Order Dismissing Complaint Pursuant to 28 U.S.C. § 1915